UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALDA A. ANDERSON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ASSESSMENT MANAGEMENT ) <br> SERVICES, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 2:13-cv-02185-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 2) filed by Plaintiff Alda A. Anderson against Defendant Assessment Management Services ("AMS").

**I.    BACKGROUND**

Plaintiff filed this action on November 25, 2013, contemporaneously with her motion requesting a court order enjoining the sale scheduled by Defendant on December 2, 2013. (Compl., ECF No. 1; Mot. TRO, ECF No. 2.)  Plaintiff alleges causes of action arising under the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and under the Nevada Deceptive Trade Practices Act, Chapter 598 of Nevada Revised Statutes. (Compl., ECF No. 1.) Plaintiff requests declaratory and injunctive relief, as well as damages under federal and state law, and an accounting under Nevada statute. (*Id*.)

Plaintiff alleges that she owns and "lives at 6312 Eagle Pass Court, North Las Vegas Nevada 89084, within the Home Owners Common Interest Association Community commonly called Eldorado Neighborhood Second HOA," and that Defendant AMS "is a Nevada collection agency which represents the HOA in its attempted collection of alleged past due obligations allegedly owed to HOAs by Plaintiff." (Compl., 2:¶¶5–6, 3:¶13.)   Plaintiff alleges that

Defendant AMS has sent her numerous collection notices relating to HOA assessments and collection fees, and has publicly recorded notices of property liens, delinquency and of the imminent sale of her home at a foreclosure sale. (*Id*. 2–3:¶¶8–12.)

Plaintiff alleges that in 2012 and early 2013, she filed a complaint with the Real Estate Division of the Nevada Department of Business and Industry, attended a mediation meeting with the Ombudsman, and thereafter began proactively paying the HOA fees , despite her remaining dispute with the legitimacy of the collection fees. (Compl., 5:¶¶24–28.)  However, Defendant continued to send her demand letters, and Plaintiff filed an Alternate Dispute Resolution ("ADR") claim with the State of Nevada Department of Business and Industry, "disputing the alleged debt and requesting that the dispute with the HOA be arbitrated." (*Id*. at 6:¶35.)

Finally, Plaintiff alleges that on November 7, 2013, Defendant "taped a Notice of Trustee Sale to the front door" of her home, notifying her of a sale scheduled for Monday, December 2, 2013 at 10:00 a.m. (*Id*. at 6:¶36.)  Plaintiff alleges that Defendant is demanding $3,874.89; that she does not owe any HOA assessment; or any assessment to Defendant; and that Defendant's conduct has been in violation of federal and state law. (*Id*. at 6:¶37 – 9:¶49.)

Attached as exhibits to her Complaint, Plaintiff provides copies of the letters she received from the HOA management company, Terra West (Ex. 1), the April 2012 Notice of Default and Intent to Sell under Homeowners Association Lien (Ex No. 2), a receipt for her January 2013 HOA payment (Ex. 3), demand letters from Defendant for numerous costs and fees (Ex. 4), a copy of the ADR Claim Form (Ex. 5), and a copy of the Notice of Trustee Sale taped to her door (Ex. 6).

## II. <u>LEGAL STANDARD</u>

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## III.  **DISCUSSION**

Here, the Court finds that enjoining the sale scheduled for December 2, 2013, is appropriate and must be issued without notice because of the immediacy of the potential for irreparable harm if the sale were to occur as scheduled.  The Court therefore finds that a Temporary Restraining Order serves the interest of justice by preserving the status quo until a decision can be reached after notice and full briefing of the Motion for Preliminary Injunction (ECF No. 3).

The Court finds that Plaintiff has shown serious questions going to the merits of her claims, and a hardship balance that tips sharply towards her.  The Court also finds that irreparable harm may result if an injunction is not granted, in the form of any actual sale of Plaintiff's real property at a foreclosure sale.  Furthermore, the Court finds that the public interest is served by resolution of the conflicting claims relating to Plaintiff's real property prior to any sale.

The Court finds that a bond of $100 is sufficient for the purpose of Rule 65(c), and that Defendant may request a higher bond if necessary, by filing such request in writing on the docket.  **This Order shall go into effect upon Plaintiff's posting of the bond, and Plaintiff shall immediately serve Defendant with notice of this action and all other filings in**

**accordance with the Federal Rules of Civil Procedure.**  Briefing on the Motion for Preliminary Injunction (ECF No. 3) shall proceed according to a regular briefing schedule, unless otherwise ordered by the Court or requested by the parties.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 2) is **GRANTED as described in this Order**.  **Defendant shall be enjoined from conducting the foreclosure sale currently scheduled for December 2, 2013**, until disposition of the Motion for Preliminary Injunction (ECF No. 3) or upon further Order of the Court.

**DATED** this 26th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge