UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALDA A. ANDERSON, <br><br> Plaintiff, <br> vs. <br><br> ASSESSMENT MANAGEMENT SERVICES, ELDORADO NEIGHBORHOOD SECOND HOMEOWNERS' ASSOCIATION, TERRA WEST MANAGEMENT SERVICES, DOES I through X, inclusive, and ROES 1 through X, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-02185-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 14) filed by Defendants Eldorado Neighborhood Second Homeowners' Association ("Eldorado" or the "HOA") and Terra West Management Services ("Terra West") (collectively "Defendants") on September 24, 2014.  Plaintiff Alda Anderson ("Plaintiff") filed an untimely Response in Opposition (ECF No. 17) on November 11, 2014.  Defendants then filed a Reply (ECF No. 20) on November 13, 2014.

**I.     BACKGROUND**

This case arises out of a dispute regarding the imposition and collection of assessments by Eldorado pursuant to Declarations of Covenants, Conditions & Restrictions ("CC&Rs") existing on certain real property owned by Plaintiff in Las Vegas, Nevada (the "Property").

Accordingly to the Amended Complaint, (ECF No. 10), Plaintiff purchased the Property, which is located within the HOA and governed by the CC&Rs, sometime in 2002. (Am. Compl. ¶¶ 14–16, ECF No. 10).  The CC&Rs provide for certain assessments to be paid by the

Property owner to Eldorado, but they also require Eldorado to provide notice of the assessment to the Property owner at least ten days before it is imposed and limit the amount that can be assessed for delinquent payment. (*Id.* ¶ 21).  From 2002 until 2009, Plaintiff received a notice from Eldorado and paid the assessment without incident. (*Id.* ¶¶ 22–23).  However, Plaintiff alleges that she never received a notice in 2010. (*Id.* ¶ 24).

In April of 2011, Plaintiff received a notice from Terra West, a collection agency acting on behalf of Eldorado, seeking the normal annual assessment along with late fees for the 2010 assessment. (*Id.* ¶ 25).  Plaintiff contacted Terra West and disputed the bill, refusing to pay the late fees. (*Id.* ¶ 26).  Subsequently, in September of 2011, Plaintiff received another bill for the 2011 assessment along with a significantly hirer charge for late fees, this time from Assessment Management Services ("AMS"). (*Id.* ¶ 27).  When further communications between Plaintiff and Defendants failed to resolve the dispute, AMS sent Plaintiff a Notice of Default and Intent to Sell the Property pursuant to an HOA lien. (*Id.* ¶¶ 28–30).  In response, Plaintiff filed a complaint with the Real Estate Division of the Nevada Department of Business and Industry ("NRED") seeking to stop the foreclosure and have the assessment lien removed from the Property. (*Id.* ¶¶ 31–32); *see also* (NRED Complaint, Am. Compl. Ex. 5, ECF No. 10-1). Mediation of this complaint, however, failed to reach a resolution. (*Id.* ¶¶ 32–40).  Plaintiff subsequently sought to have her claim arbitrated by NRED. (*Id.* ¶ 42); *see also* (First NRED ADR Claim Form, Am. Compl. Ex. 8, ECF No. 10-1).

Before her claim was arbitrated, however, on November 7, 2013, Plaintiff received a Notice of Trustee Sale, stating that Plaintiff owed $3,874.89 in assessments and late fees and scheduling the Property to be sold at foreclosure on December 2, 2013. (*Id.* ¶¶ 43–44).  On November 25, 2013, Plaintiff filed her original Complaint (ECF No. 1) and sought a temporary restraining order and preliminary injunction barring AMS from foreclosing on the Property. This Court entered a temporary restraining order on November 26, 2013 and a preliminary

injunction on December 10, 2013, enjoining Defendants from foreclosing on the Property and staying the case until Plaintiff's administrative remedies were exhausted. (PI Order, ECF No. 8).

In June of 2014, the parties engaged in a mediation with NRED pursuant to Nevada Revised Statutes § 38.310. (Response 2:1–8, ECF No. 17); *see also* (Second NRED ADR Claim Form, ECF No. 20-1). This mediation was unsuccessful. (Response 2:1–8, ECF No. 17). Subsequently, on August 14, 2014, Plaintiff filed the current Amended Complaint, asserting the following causes of action against Defendants: (1) violation of the Fair Debt Collection Practices Act, (2) publishing a "shame list," (3) Deceptive Trade Practices Act/Consumer Fraud, (4) declaratory relief, (5) injunctive relief, and (6) accounting of fines in books and records in violation of NRS 116. (Am. Compl. ¶¶ 60–103, ECF No. 10). Defendants then filed the pending motion to dismiss for lack of jurisdiction based on Plaintiff failure to exhaust her administrative remedies under Nevada Revised Statutes § 38.310. (MTD, ECF No. 14).

## II.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The court

need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III. DISCUSSION

In their motion, Defendants argue that this Court lacks subject matter jurisdiction over this case because Plaintiff has failed to comply with Nevada Revised Statutes § 38.310. (MTD 2:15–3:3, ECF No. 14). Subsection 1 provides:

> "No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property … or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation…."

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). The mandatory mediation or arbitration under this statute applies not only to an HOA, but also to the collection agency acting on behalf of the association. *Hamm v. Arrowcreek Homeowner's Ass'n.*, 183 P.3d 895, 902–03 (Nev. 2008) ("As we conclude that the district court properly dismissed the Hamms' action against Arrowcreek HOA under NRS 38.310, we also conclude that the district court properly dismissed the Hamms' action against [the collection agency] under that statute.").

Here, Plaintiff's claims clearly relate to the interpretation, application, and enforcement of the CC&Rs governing the Property. *See, e.g.*, (Am Compl. ¶ 87, ECF No. 10) (where Plaintiff seeks declaratory relief by having the Court determine that Defendants improperly "constru[ed] the CC&R's" in believing its collection efforts were proper). In her Response, however, Plaintiff asserts that "Defendant's [sic] argument is not only without merit; it is frivolous and designed only to waste the time of the Court and the Plaintiff" because the parties did engage in mediation pursuant to Nevada Revised Statutes § 38.310 in June of 2014. (Resp. 2:1–8, ECF No. 17). Defendants counter that the June 2014 mediation dealt only with Plaintiff's claim of wrongful foreclosure and was only conducted between Plaintiff and Eldorado. (Reply 3:5–21, ECF No. 20); *see also* (Second NRED ADR Claim Form, ECF No. 20-1) (where Plaintiff describes the nature of the dispute as "Respondent foreclosed on my home for assessment [sic] I do not believe I owe," and identifies Nevada's foreclosure statute, "NRS 116.3116, et sec.," as the law governing the dispute). Therefore, Defendants contend that Plaintiff's current claims in her Amended Complaint have not been submitted to mediation. (Reply 3:5–21, ECF No. 20).

"Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction." *Friends of Roeding Park v. City of Fresno*, 848 F. Supp. 2d 1152, 1159 (E.D. Cal. 2012) (citing *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)); *see also Safe Air for Everyone*, 373 F.3d at 1039 ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."). Here, Plaintiff has failed to allege in her Amended Complaint that she complied with Nevada Revised Statutes § 38.310 in mediating her claims. (Am. Compl., ECF No. 10). Moreover, though precisely what claims were addressed by the June 2014 mediation is unclear,

Defendants have presented evidence indicating that many, if not all, of the claims asserted in the Amended Complaint were not submitted to that mediation. *See* (Second NRED ADR Claim Form, ECF No. 20-1).  The hyperbolic language in her untimely Response notwithstanding, Plaintiff has failed to satisfy her burden of establishing this Court's jurisdiction by showing her compliance with Nevada Revised Statutes § 38.310.  Accordingly, Plaintiff's Amended Complaint must be dismissed and this case stayed until Plaintiff establishes this Court's jurisdiction.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that this case be stayed until Plaintiff has exhausted her administrative remedies before the Nevada Real Estate Division.  The parties shall file a written report on the docket by July 31, 2015 to provide this Court with the status of the administrative proceedings.

**DATED** this 6th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge